UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JESUS ABULARACH,

        Plaintiff,

  -against-

HIGH WING AVIATION LLC,

        Defendant.
-----------------------------------------------------X

REPORT AND
RECOMMENDATION
22 CV 1266 (MKB)(RML)

LEVY, United States Magistrate Judge:

        By order dated June 2, 2022, the Honorable Margo K. Brodie, Chief United States District Judge, referred plaintiff's motion for default judgment to me for report and recommendation. For the reasons set forth below, I respectfully recommend that plaintiff's motion be granted.

## BACKGROUND AND FACTS

        Plaintiff Jesus Abularach ("plaintiff" or "Abularach") commenced this diversity action on March 8, 2022, against defendant High Wing Aviation LLC ("HWA" or "defendant") asserting a breach of contract claim arising out of the purchase and sale of an aircraft. (Complaint, dated Mar. 8, 2022 ("Compl."), Dkt. No. 1.) Plaintiff, a citizen and resident of Bolivia, invokes the court's diversity jurisdiction. (Id. ¶ 2.) Defendant is a New York domestic limited liability company with its principal place of business in Queens, New York, whose sole member and owner, Hector Espinoza, is a citizen and resident of New York. (Id. ¶ 3; Declaration of Jesus Abularach, dated Nov. 21, 2022 ("Abularach Decl."), Dkt. No. 17.) Plaintiff seeks to recover his payment of $180,000 to defendant for the purchase of a Cessna TU206G, serial number U20604033 ("the Aircraft"), which according to plaintiff was never delivered. (Compl. ¶ 1.)

In or around February 2021, Abularach's agent, Jared Ortiz ("Ortiz"), entered into negotiations on plaintiff's behalf to purchase the Aircraft from HWA. (Id. ¶¶ 7, 8.) After the parties agreed on the purchase price, Abularach sent two wire transfers for $70,000 and $110,000 to HWA for the purchase of the Aircraft. (Id. ¶¶ 9, 10.) Defendant acknowledged receipt of the funds via an invoice sent to plaintiff. (Id. ¶¶ 11, 12.) Despite providing an invoice, plaintiff asserts that defendant failed to deliver the Aircraft. (Id. ¶ 12.)

When contacted concerning delivery of the Aircraft, defendant responded that the Department of Homeland Security and the Federal Aviation Administration had seized all of HWA's aircrafts, including the Aircraft purchased by plaintiff. (Id. ¶ 13.) However, plaintiff alleges that the Aircraft was not included on the list of seized aircrafts HWA provided. (Id. ¶ 14.) Despite continued demands, defendant has failed to make or propose any arrangement to either deliver the Aircraft or reimburse plaintiff. (Id. ¶ 15.)

Plaintiff now brings a breach of contract claim against defendant for failing to perform despite plaintiff's full performance. (Id. ¶ 19.) Plaintiff requests $180,000 in damages plus prejudgment interest on the indebted amount as of March 8, 2022. (Affidavit of Stephen Wagner, Esq., sworn to June 1, 2022 ("Wagner Aff."), Dkt. No. 13, at 9.)[1]

## DISCUSSION

### I. Liability

#### A. Default Judgment

Plaintiff has demonstrated that the summons and complaint were properly served on defendant. (See Affidavit of Service of James Perone, sworn to Mar. 30, 2022, Dkt. No. 9.)

---

[1] Plaintiff also pleaded a claim for unjust enrichment in the alternative. (Compl. ¶¶ 21-26.) This claim appears to have been dropped, as it was omitted from the Affidavit for Judgment by Default. (See Wagner Aff. ¶¶ 9, 10.)

2

Additionally, the Clerk of the Court noted HWA's default, confirming that defendant has not filed an answer or otherwise moved with respect to the complaint, and that the time to do so has expired. (Clerk's Certificate of Default, dated June 1, 2022, Dkt. No. 12.)

Upon default, a defendant is deemed to have admitted all the well-pleaded allegations in the complaint pertaining to liability. See Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). However, "it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (collecting cases); see also Au Bon Pain, 653 F.2d at 65 (explaining that the district court "need not agree that the alleged facts constitute a valid cause of action"); Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) ("[A]fter default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.") (internal citation, quotation marks, and ellipses omitted).

    B.  Breach of Contract Claim

"To make out a breach of contract claim, a plaintiff must plead '(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages.'" Milligan v. GEICO Gen. Ins. Co., No. 20 CV 3726, 2022 WL 433289, at *2 (2d Cir. Feb. 14, 2022) (quoting Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir. 1996)). In addition, "a contract for the sale of goods for the price of $500 or more is not enforceable . . . unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought. . . ."

N.Y. U.C.C. § 2-201(1). However, New York U.C.C. Section 2-201 provides an exception "with respect to goods for which payment has been made and accepted or which have been received and accepted." Id. § 2-201(3)(c). "Receipt and acceptance either of goods *or of the price* constitutes an unambiguous overt admission by both parties that a contract actually exists." Id. § 2–201, Official Comment 2 (emphasis added); see also Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 782 (2d Cir. 2003) (finding such admission precludes a party from raising a statute of frauds defense); H.Daya Int'l Co. v. Arazi, 348 F. Supp. 3d 304, 309 (S.D.N.Y. 2018) (finding a merchant's invoice sufficient confirmation of an oral contract to satisfy the requirements under N.Y. U.C.C. § 2-201(1)).

Plaintiff asserts, and the court accepts as true, that plaintiff and HWA agreed that Abularach would pay HWA $180,000 for the purchase and delivery of the Aircraft. (Compl. ¶¶ 17, 18.) Additionally, defendant provided invoices acknowledging receipt and acceptance of the funds from Abularach for the purchase of the Aircraft, which plaintiff provided to the court. (Id. ¶ 11; High Wing Aviation Invoice, dated Mar. 5, 2021, Dkt. No. 18-1; High Wing Aviation Invoice, dated Mar. 5, 2021, Dkt. No. 18-2; High Wing Aviation Invoice, dated Mar. 14, 2021, Dkt. No. 18-3; see also Wire Transfer from Abularach to High Wing Aviation, dated Nov. 3, 2021, Dkt. No. 18.) Thus, plaintiff has pleaded sufficient facts to establish the existence of an enforceable agreement and has identified the provision upon which plaintiff bases the breach of contract claim. Plaintiff has also satisfied the second element of a breach of contract claim (adequate performance) by paying $180,000 to HWA for the purchase of the Aircraft. (Id. ¶ 22.) Turning to the third element, by failing to deliver the Aircraft to plaintiff, defendant breached the agreement. (Id. ¶ 19.) As a result of defendants' breach, Abularach suffered a loss of $180,000. (Id. ¶ 20.) Thus, plaintiff has satisfied the required elements of a breach of contract claim. I

therefore respectfully recommend that the defaulting defendant be found liable for breach of contract.

Lastly, plaintiff requests prejudgment interest. (Compl. ¶ 20; Wagner Aff. ¶ 9.) The rate of interest is calculated at nine percent per annum from the commencement of this action. N.Y. C.P.L.R. §§ 5004, 5001. Accordingly, I respectfully recommend that prejudgment interest be awarded on the indebted amount of $180,000 from March 8, 2022 to the date of this court's judgment at a per diem interest rate of $44.38 ($180,000.00 x 0.09/365).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's motion for default judgment be granted, and that defendant be held liable for breach of contract. I further recommend that damages be awarded in the amount of $180,000 plus prejudgment interest at the statutory rate of nine percent per annum from March 8, 2022 to the date of entry of judgment.

Plaintiff is directed to serve a copy of this Report and Recommendation on defendant by first-class mail, and to file proof of service with the court. Any objections to this Report and Recommendation must be filed electronically within fourteen (14) days. Failure to file objections within the specified time may waive a right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

                                      Respectfully submitted,

                                            /s/
                                    ROBERT M. LEVY
                                    United States Magistrate Judge

Dated: Brooklyn, New York
       December 19, 2022